OPINION
{¶ 1} Defendant-appellant Karen M. Rainer appeals her August 15, 2001, conviction in the Morrow County Court on one count of operating a motor vehicle while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1) and one count of child endangering, in violation of R.C. 2919.22(C)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was charged with a violation of driving while under the influence of alcohol or drugs, in violation of R.C.4511.19(A)(1), and one count of child endangering, in violation of R.C.2919.22(C)(1), on May 18, 2000[1]. A jury trial was conducted on August 15, 2001. The following facts were adduced at trial.
 {¶ 3} On April 9, 2000, at approximately 2:15 a.m., defendant-appellant Karen M. Rainer [hereinafter appellant] and her three year old daughter were involved in an automobile accident. It appeared that the automobile being driven by appellant veered left of center and then veered to the right and ran off of the road. The automobile struck a fence, small bush, and a group of trees. The automobile stopped when it struck a large tree. The automobile came to rest on its side.
 {¶ 4} Appellant and her child were rescued from the vehicle by Randall and Sara Alicie, a husband and wife, who happened to drive by. The Alicies pulled appellant and the child out of the vehicle and took them to appellant's home, where 9-1-1 was called.
 {¶ 5} Ohio State Highway Patrol Trooper Eric A. Geckler was dispatched. Trooper Geckler met the appellant and the Alicies at appellant's residence and followed appellant to Morrow County Hospital.
 {¶ 6} Trooper Geckler questioned appellant about the accident both before and after appellant was taken to the hospital. Appellant admitted to the Trooper that she was the driver of the automobile, had been drinking and had her three year old daughter with her in the automobile. Appellant gave contradictory reasons for the cause of the accident. The Trooper noted that appellant's eyes were blood shot and that her breath had a strong odor of alcohol. The Trooper conducted a horizontal gaze nystagmus test. Appellant failed the test. At that point, the Trooper read appellant her constitutional rights and BMV Form 2255 Implied Consent Form. Appellant consented to a blood test. Appellant's blood was collected by the hospital at 4:02 a.m. and submitted to a lab.
 {¶ 7} James Ferguson, Chief Toxicologist for the Franklin County Coroner's Office, testified that appellant's blood had an alcohol level of "0.057 grams percent." Tr. 86. Based upon other information provided to Ferguson, for example appellant's height, weight and food consumption on the day of accident, Ferguson testified that from his review of the toxicology reports, appellant's blood alcohol content at the time of the accident would have been 0.102. Ferguson testified that appellant's blood test also revealed marijuana use. The blood test showed that there were 12.88 nanograms of marijuana metabolite present in appellant's blood. The level of metabolite was consistent with having ingested marijuana within one or two days. Ferguson testified that two nanograms is considered to be impairing. Ferguson concluded that appellant was impaired at the time of the accident.
 {¶ 8} Appellant testified in her own defense. Appellant claimed that she had a couple of beers that day with her husband in Mount Vernon, Ohio. Appellant claimed that she then drove to her home at 9:30 p.m., had a couple of beers at home and went to bed at 11:30 p.m. Appellant testified that around 2:00 a.m. she was awakened by a call from her husband. Appellant's husband asked appellant to pick him up at a house he and appellant were remodeling in Mount Vernon. As a result, appellant took her daughter and began to drive to Mount Vernon. Appellant claimed that on the way there she was blinded by a car with its high beams on, which caused her to lose control of her automobile. Appellant testified that she had smoked marijuana the weekend before the accident.
 {¶ 9} The jury returned verdicts of guilty on the counts of driving while under the influence of alcohol or drugs and child endangering.[2] Appellant was sentenced on August 15, 2001. Appellant was sentenced to 180 days in jail, with 175 days suspended, and a $1,000.00 fine on the count of driving while under the influence of alcohol or drugs. On the count of child endangering, appellant was sentenced to 180 days in jail, with 165 days suspended, and a fine of $500.00, $400.00 of which was suspended. The trial court ordered that the jail sentences be served concurrently. Appellant was also sentenced to two years probation.
 {¶ 10} Attorney Earl K. Desmond was duly appointed to represent appellant on appeal. On December 10, 2001, Attorney Desmond filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, indicating that after a careful review of the record, counsel had failed to find any errors prejudicial to the rights of appellant upon which an assignment of error could be predicated. The brief presented one potential assignment of error: "THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HER BY BOTH THE UNITED STATES AND THE OHIO CONSTITUTIONS, WHEN TRIAL COUNSEL FAILED TO FILE ANY MOTIONS TO EITHER SUPPRESS OR IN LIMINE CONCERNING THE BLOOD TEST AND/OR ADMISSION OF THE MARIJUANA EVIDENCE."
 {¶ 11} By Judgment Entry filed May 10, 2002, Attorney Desmond was ordered to file notice and documentation to this Court demonstrating that appellant had been served a copy of counsel's brief and advised that she could file a pro se brief within 30 days. Attorney Desmond was also ordered to file a motion to withdraw from the case. On June 25, 2002, Attorney Desmond filed a motion to withdraw and provided documentation to this Court that appellant had been served with a copy of her brief and notified of her right to file a pro se brief on June 20, 2002.
 {¶ 12} On June 28, 2002, Attorney David K. Greer filed a Notice of Appearance of Counsel indicating that he represented appellant for purposes of appeal. That same day, June 28, 2002, appellant, through counsel, filed a motion moving this Court to permit her to file a brief instanter at a future date and that the case be reassigned to the active docket so that appellant could file a reply brief and have the opportunity for oral argument. By Judgment Entry filed July 18, 2002, this Court granted appellant's motion. This Court ordered that appellant's brief be filed no later than 20 days from the filing of the Judgment Entry.[3] This Court ordered that if appellant filed a timely brief, the matter would be set for oral argument.
 {¶ 13} At the present time, despite appellant's assertion that a brief would be filed, this Court does not have before it any brief filed by Attorney Greer nor by appellant pro se. Therefore, we deem this matter to be submitted.
 {¶ 14} This Court must now determine whether Attorney Desmond's request to withdraw should be granted and whether to dismiss the instant appeal as wholly frivolous. In Anders, the United States Supreme Court established the following five criteria which must be met before a motion to withdraw may be granted: 1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; 2) a showing that a motion to withdraw has been filed by appellant's counsel; 3) the existence of a brief filed by appellant's counsel raising any potential assignments of error; 4) a showing that appellant's counsel provided to appellant a copy of said brief; and 5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Anders, supra. at 744. Upon a finding that these criteria have been met, Anders explains that: "The court not counsel . . . proceeds after full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal. . . . On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id.
 {¶ 15} We find the criteria established by the United States Supreme Court in Anders have been met. First, Attorney Desmond represents to this court that he made a thorough review of the case and legal research, thereby satisfying the first criteria. Next, Attorney Desmond filed a motion to withdraw and merit brief of appellant, which satisfies the second and third criteria. Further, Attorney Desmond provided a certificate of service which indicates that appellant was served a copy of the motion by certified mail, which satisfies the fourth requirement. Finally, appellant was provided with an opportunity to file a pro se brief, thereby satisfying the fifth criteria.
 {¶ 16} After a full examination of all of the proceedings, we find this case is wholly frivolous. The record is devoid of any legal points arguable on the merits. Accordingly, Attorney Desmond's motion to withdraw is granted and the judgment of the Morrow County Court is affirmed.
By Edwards, J., Hoffman, P.J. and Boggins, J. concur.
Topic: Anders.
[1] Appellant was also charged with one count of failure to use a child restraint, in violation of R.C. 4511.81 and one count of possession of marijuana, in violation of R.C. 2925.11. However, no appeal has been taken concerning those charges.
[2] Although not relevant to this appeal, appellant was found guilty of a child restraint violation and not guilty of a possession of marijuana.
[3] The Judgment Entry further ordered that should appellant file a timely brief, appellee would have 20 days from the date of the filing of appellant's brief to respond. Appellant was given 10 days from the date appellee's brief was filed to file a reply brief.